IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | |
| DWAYNE FRANCIS ORNDORFF : | CASE NO. 1-15-00099-RNO |
| aka DWAYNE F. ORNDORFF : | |
|       Debtor : | |
| : | CHAPTER 13 |
| U.S. BANK TRUST NATIONAL : | |
| ASSOCIATION, as Trustee of the Igloo : | |
| Series II Trust, its assignees and/or : | |
| successors in interest : | |
|       Movant : | |
| : | |
| v. : | |
| : | |
| DWAYNE FRANCIS ORNDORFF : | |
| aka DWAYNE F. ORNDORFF : | |
|       Respondent : | |

## DEBTOR'S RESPONSE TO MOTION OF U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE IGLOO SERIES II TRUST, ITS ASSIGNEES AND/OR SUCCESSORS IN INTEREST FOR RELIEF FROM THE AUTOMATIC STAY

**AND NOW,** comes Debtor, Dwayne Francis Orndorff, by and through his attorney, Gary J. Imblum, and respectfully responds as follows:

1. Admitted.

2. Admitted in part and denied in part. The allegation is a conclusion of law to which no response is required.

3. Admitted in part and denied in part. The Note and Mortgage speak for themselves. Strict proof is demanded.

4. Admitted in part and denied in part. Debtor has no knowledge. Strict proof is demanded.

5. Admitted.

6. Admitted in part and denied in part. Debtor could not be contacted in time to clarify

the alleged amount of the post-petition arrears. Strict proof is demanded. Debtor offers to pay the post-petition arrearage through an Amended Chapter 13 Plan.

7. Admitted in part and denied in part. The post-petition payment history speaks for itself.

8. Admitted.

9. Admitted in part and denied in part. To the best of Debtor's knowledge, said allegation is correct.

10. Denied. The real estate was worth $160,725.00 as of December 12, 2014 pursuant to the market analysis attached to Debtor's Schedules. Accordingly, even if the property has not appreciated since December 12, 2014, there is an equity cushion in excess of 31%. Further, Debtor is providing adequate protection through regular monthly payments. To the extent that the monthly payments are in arrears, Debtor offers to resume making regular payments, plus pay the post-petition arrearage through an Amended Plan.

11. Admitted.

12. Admitted.

13 Admitted.

**WHEREFORE**, Debtor respectfully requests that this Honorable Court issue an Order denying the Motion for Relief From Stay.

Respectfully submitted,

Gary J. Imblum
Attorney I.D. No. 42606
4615 Derry Street, Harrisburg, PA 17111
(717) 238-5250; Fax No. (717) 558-8990
gary.imblum@imblumlaw.com
Attorney for Debtor

DATED: 9/14/17

## CERTIFICATION OF SERVICE

I, Carol V. Shay, Paralegal, do hereby certify that I have served a copy of the foregoing DEBTOR'S RESPONSE TO MOTION OF U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE IGLOO SERIES II TRUST, ITS ASSIGNEES AND/OR SUCCESSORS IN INTEREST FOR RELIEF FROM THE AUTOMATIC STAY upon the following persons by E-Service or by United States Mail, first class, postage prepaid, at Harrisburg, Dauphin County, Pennsylvania, addressed to:

CHARLES J DEHART III ESQUIRE             dehartstaff@pamd13trustee.com
CHAPTER 13 TRUSTEE
VIA E-SERVICE


JASON BRETT SCHWARTZ, ESQUIRE
MESTER & SCHWARTZ, P.C.
COUNSEL FOR MOVANT
VIA E-SERVICE


IMBLUM LAW OFFICE, P.C.

_Carol V. Shay_
Carol V. Shay, Paralegal
4615 Derry Street
Harrisburg, PA 17111
(717) 238-5250
Fax No. (717) 558-8990
gary.imblum@imblumlaw.com
For Debtor

DATED: 9/14/17